United States Court of Appeals
Fifth Circuit

**F I L E D**

February 23, 2005

Charles R. Fulbruge III
Clerk

`                    IN THE UNITED STATES COURT OF APPEALS
                            FOR THE FIFTH CIRCUIT

_____

No. 04-50693
Conference Calendar

_____

BILLY GEORGE WILLIAMS,

                                             Plaintiff-Appellant,

versus

SHELIA NORMAN; S. GILMORE,

                                             Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CV-104
--------------------

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Billy George Williams, Texas state prisoner # 840708, has
filed a motion for leave to proceed in forma pauperis (IFP) upon
an appeal of the district court's dismissal of his 42 U.S.C.
§ 1983 civil rights action. By moving for IFP status, Williams
is challenging the district court's certification that IFP status
should not be granted on appeal because his appeal is not taken
in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir.
1997).

--------------------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Williams has failed to challenge specifically the district court's ruling that he is not entitled to relief because his claim is in the nature of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Furthermore, Williams makes only a conclusional denial concerning the district court's holding that his action is malicious. Although this court liberally construes pro se briefs, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court requires arguments to be briefed in order to be preserved. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Because Williams has failed to address these issues, concerning grounds for the district court's certification of the appeal as frivolous, he has abandoned the issues on appeal. See id.

Therefore, Williams's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Williams therefore has two strikes under 28 U.S.C. § 1915(g), including one based on the district court's dismissal. Williams is warned that if he accumulates three strikes pursuant to 28 U.S.C. § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.